UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MODESTO MENDIETA | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5:10-cv-116 |
| | § | CRIMINAL ACTION NO. 5:09-cr-322-1 |
| UNITED STATES OF AMERICA | § | |

**OPINION AND ORDER DISMISSING MODESTO MENDIETA'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Pending before the Court is Modesto Mendieta's ("Mendieta") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] Additionally, Mendieta filed a supporting memorandum and an application to proceed *in forma pauperis*.[2] Upon review of the motion, record, and controlling authorities, Mendieta's § 2255 motion is **DISMISSED with prejudice**. Additionally, Mendieta's application to proceed *in forma pauperis* is **DENIED as moot**.

**I.   BACKGROUND**

On February 18, 2009, a federal grand jury in Laredo, Texas charged Mendieta in a one-count indictment. Specifically, Count One charged

> [Mendieta] an alien who had previously been denied admission, excluded, deported, and removed, and has departed the United States while an order of exclusion, deportation and removal is outstanding, was found in the United States, having not obtained the consent of the Attorney General of the United States to reapply for admission into the United States prior to March 1, 2003 and having not obtained consent from the Secretary of the Department of Homeland Security

---

[1] Dkt. No. 1 ("Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in civil case number 5:10-cv-116. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:09-cr-322-1. ).

[2] Dkt. Nos. 2-3.

>  to reapply for admission into the United States on or after March 1, 2003. In violation of Title 8, United States Code, Section 1326.[3]

On April 10, 2009, Mendieta pleaded guilty to Count One.[4] The Court sentenced Mendieta to fifty-seven months imprisonment and three years of supervised release.[5] The Court entered judgment on August 11, 2009.[6] Mendieta appealed his sentence, and the Fifth Circuit dismissed his appeal as frivolous on August 17, 2010.[7] Mendieta filed this § 2255 motion on October 19, 2010.[8] In the supporting memorandum, Mendieta claims that the Court lacked jurisdiction over him, that there were errors in the Rule 11 plea colloquy, and that he received ineffective assistance of counsel.[9]

## II. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[10] Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.[11] After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior

---

[3] Cr. Dkt. No. 8.
[4] Minute Entry 4/10/2009.
[5] Minute Entry 8/5/2009 & Cr. Dkt. No. 31.
[6] Cr. Dkt. No. 31.
[7] Cr. Dkt. Nos. 28 & 53.
[8] Dkt. No. 1.
[9] Dkt. No. 2.
[10] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).
[11] 28 U.S.C. § 2255 (2006); *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

proceedings that the moving party is not entitled to relief."[12]

### B. Mendieta's Direct Appeal and Consequences

Mendieta directly appealed his case to the Fifth Circuit. Thereafter, Mendieta's counsel filed an *Anders* brief.[13] The two issues in the *Anders* brief were (1) "[w]hether there was any reversible error in the guilty plea proceeding leading to Mr. Mendieta's conviction" and (2) "[w]hether Mr. Mendieta knowingly and voluntarily waived his right to appeal his sentence as part of the plea agreement."[14] The Fifth Circuit dismissed Mendieta's appeal as frivolous.[15] Because the Fifth Circuit has already reviewed Mendieta's rearraignment, this Court cannot reassess the validity of that proceeding.

### C. Ineffective Assistance of Counsel

Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a constitutional claim permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test, Mendieta must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Mendieta suffered prejudice as a result.[16] In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."[17]

As part of his plea agreement with the government, Mendieta waived his statutory right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255.[18] In limited circumstances, a defendant may plead around a waiver and claim ineffective assistance of counsel if he alleges

---

[12] 28 U.S.C. § 2255, PROC. R. 4(b).
[13] United States Court of Appeals for the Fifth Circuit, Case No. 09-40815, Document: 51996880.
[14] *Id.* at p. 11.
[15] Cr. Dkt. No. 53.
[16] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[17] *Id.* at 689.
[18] Cr. Dkt. No. 15 at ¶ 7.

that the plea or waiver were tainted by counsel's ineffective assistance.[19] The Court emphasizes that this is a *narrow exception*; "an ineffective assistance of counsel argument survives a waiver of appeal *only* when the claimed ineffective assistance *directly affected the validity of that waiver or the plea itself*."[20] The Fifth Circuit already dismissed a challenge to the plea colloquy where Mendieta waived his statutory rights to complain about his conviction or sentence. As stated above, this Court may not reexamine the validity of that proceeding. To the extent Mendieta's ineffective assistance of counsel claims relate to other portions of his case, they are covered by his valid waiver. Thus, Mendieta's ineffective assistance of counsel claims are without merit.

### D. Jurisdiction

Mendieta challenges the Court's jurisdiction. This is a complaint cognizable under a § 2255 motion. Here the Court had jurisdiction pursuant to Article III of the United States Constitution and 8 U.S.C. § 1326(a). Accordingly, Mendieta's jurisdictional challenge is without merit.

---

[19] *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).
[20] *Id.* (emphasis added).

### III.   CONCLUSION

The Court has reviewed the motion, record, and controlling authorities. Because all the claims advanced in Mendieta's 28 U.S.C. § 2255 motion are barred or without merit, Mendieta's motion is **DISMISSED with prejudice.** Additionally, Mendieta's application to proceed *in forma pauperis* is **DENIED as moot**. Should Mendieta seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED

DONE this 16th day of December, 2010, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE